IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEREL MATTHEWS,
#K71403,

      Plaintiff,

                                                       Case No. 17–cv–00366–DRH

vs.

KIM BUTLER,
DR. TROST,
GAIL WALLS,
LT. JOHN DOE,
C/O JOHN DOE, and
UNKNOWN JOHN AND JANE DOES,

      Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Jerel Matthews, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff alleges that he was attacked and injured by his cellmate on February 24, 2016. (Doc. 1, pp. 6-8). According to the Complaint, the attack could have been avoided or stopped, if the defendants responded to the complaints and warnings of Plaintiff and other inmates. *Id*. Because they did not, Plaintiff allegedly sustained severe injuries that were inadequately treated by Doctor Trost and Nurse Walls. *Id*. Plaintiff now sues all of the defendants for violating his right to be free from cruel and unusual punishment under the Eighth Amendment. *Id*. He seeks monetary relief and a prison transfer. (Doc. 1, p. 9).

The Complaint is now subject to preliminary review under 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Complaint survives screening under this standard and shall receive further review.

## Complaint

On February 24, 2016, Plaintiff was attacked by his cellmate in Gallery 5 of Menard's North Cell House. (Doc. 1, p. 6). As Plaintiff was using the sink, his cellmate approached him from behind and beat Plaintiff in the head, face, and eyes with an unidentified object. *Id.* Plaintiff lost consciousness. *Id.*

Inmates in Galleries 5 and 7 began screaming for help and shaking their cell bars. (Doc. 1, p. 6). This went on for approximately twenty minutes, but no one responded. *Id.* Eventually, an inmate worker ran downstairs and summoned a correctional officer to the area. *Id.*

By the time prison officials arrived, Plaintiff was seriously injured. (Doc. 1, pp. 6-8). He was sent to Chester Memorial Hospital for immediate treatment. *Id.* His face was badly swollen, and he required twenty-five stitches on his face and head. *Id.* Plaintiff's treating physician sent him back to the prison with instructions for close monitoring. *Id.*

Doctor Trost and Nurse Walls were responsible for Plaintiff's care and treatment at Menard following the attack, and they allegedly failed to ensure that his injuries were properly diagnosed and treated. (Doc. 1, p. 8). Plaintiff was instead locked in a room in the prison's infirmary, where he was ignored by the prison's medical staff. *Id.* He was administered pain killers and berated by the correctional officer who worked on the third floor of the infirmary. *Id.* The correctional officer referred to Plaintiff as "pumpkin head." *Id.* He made fun of

Plaintiff's injuries in front of the nurses. *Id.* At times, the nurses joined in the teasing. *Id.*

Plaintiff did not see a prison doctor until one day before he returned to the general population. (Doc. 1, p. 8). On that date, the doctor removed Plaintiff's stitches. *Id.* At no point was Plaintiff examined by a doctor. *Id.*

Plaintiff asserts that he suffered from an undiagnosed and untreated concussion that impacted his vision and motor skills. (Doc. 1, p. 8). He suffered from "constant" headaches. *Id.* He also felt like everything around him was spinning or moving. *Id.* These symptoms did not resolve until almost a year after the attack. *Id.* Plaintiff's vision is now normal, and his headaches occur approximately once each month. *Id.* He filed at least one emergency grievance with the warden seeking further medical treatment, but Warden Butler denied it. (Doc. 1, p. 11).

Plaintiff claims that the attack could have been avoided altogether if Warden Butler addressed the general conditions of Menard's North Cell House. (Doc. 1, p. 7). Unlike other areas of the prison, the North Cell House has no towers or catwalks available for armed guards to monitor inmates. *Id.* There are not enough correctional officers to monitor inmate activity. *Id.* The North Cell House also has no panic buttons available to inmates in need of immediate assistance from staff. *Id.* In addition, correctional officers did not make enough rounds to monitor inmate activity in that area of the prison. *Id.* Plaintiff was aware of four or five other inmates who lost their lives because of attacks by fellow inmates at

Menard. *Id.* He claims that "the warden is and has been aware of this and has done nothing to rectify these conditions even after people have been killed." *Id.*

Prior to his attack, Plaintiff submitted several verbal and written complaints about his cellmate to the unknown gallery correctional officer ("C/O John Doe"), cell house sergeant ("Sergeant John Doe"), and cell house lieutenant ("Lieutenant John Doe"). (Doc. 1, pp. 6, 19-20). He pointed out his cellmate's history of untreated mental illness and aggression toward other inmates. *Id.* Plaintiff explained that his cellmate's behavior was increasingly erratic, and he did not feel comfortable sleeping in the same cell with him. *Id.* Plaintiff requested a different cellmate. *Id.* These defendants ignored or denied his requests for a new cellmate. *Id.* Soon thereafter, Plaintiff was attacked. *Id.*

## **Discussion**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* Complaint (Doc. 1) into the following counts:

**Count 1** - Eighth Amendment claim against C/O John Doe, Sergeant John Doe, and Lieutenant John Doe for failing to protect Plaintiff from the risk of attack by his cellmate.

**Count 2** - Eighth Amendment claim against Warden Butler for failing to protect Plaintiff from conditions of confinement that exposed him to an excessive risk of attack by his cellmate.

**Count 3** - Eighth Amendment deliberate indifference to medical needs claim against Doctor Trost, Nurse Walls, and Warden Butler for denying Plaintiff adequate medical care for the injuries he sustained during the attack on February 24, 2016.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claims not identified above, but encompassed by the allegations in the Complaint, should be considered dismissed without prejudice from this action.**

The Eighth Amendment protects prisoners against cruel and unusual punishment. U.S. CONST. amend. VIII. Prison officials have a duty under the Eighth Amendment to ensure that inmates receive "adequate food, clothing, shelter, and medical care." *Haywood v. Hathaway*, 842 F.3d 1026, 1030-31 (7th Cir. 2016) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). They also have a duty to protect prisoners from violence at the hands of other prisoners. *See id.* (citing *Farmer*, 511 U.S. at 833). *See also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006).

When considering whether a plaintiff has alleged a violation of his Eighth Amendment rights, the Court examines the alleged violation objectively and subjectively. *Haywood*, 842 F.3d at 1030. The objective component of all Eighth Amendment claims requires a plaintiff to establish a sufficiently serious deprivation. *Id.* The subjective component requires the plaintiff to show that each defendant acted with deliberate indifference to inmate health or safety. *Id.* at 1030-31. This second element is satisfied where the official is both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he . . . also draw[s] the inference." *Estate of Miller ex rel.*

*Bertram v. Tobiasz*, 680 F.3d 984, 989 (7th Cir. 2012) (quoting *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001)).

The objective component of all three claims is satisfied for screening purposes. The conditions Plaintiff describes, including his housing arrangement and his medical needs, are sufficiently serious to support an Eighth Amendment claim in all three counts. But the Court's analysis does not end there. Plaintiff must also demonstrate deliberate indifference on the part of all involved prison officials.

With regard to Count 1, Plaintiff alleges that he specifically complained about the behavior of his mentally ill cellmate and his history of aggression to C/O Doe, Sergeant Doe, and Lieutenant Doe in the weeks preceding the attack. (Doc. 1, pp. 6-8, 19, 20). He made complaints to these defendants verbally and/or in writing. *Id*. He expressed fear for his safety and requested a different cellmate. *Id*. However, the defendants either ignored or denied his complaints. *Id*. He was later attacked. *Id*. These allegations suggest that the three defendants were aware of and disregarded a known risk of harm to Plaintiff. Count 1 shall proceed against C/O Doe, Sergeant Doe, and Lieutenant Doe.

In contrast, the allegations suggest that Warden Butler was aware that the prison conditions in Menard's North Cell House posed a generalized risk to inmate safety. (Doc. 1, pp. 6-8). However, a generalized risk of violence without more usually does not give rise to an Eighth Amendment claim. After all, prisons are inherently dangerous places. *See Wilson v. Ryker*, 451 F. App'x 588, 589 (7th

Cir. 2012) ("generalized risk of violence" is generally not enough) (citing *Brown v. Budz*, 398 F.3d 904, 909, 913 (7th Cir. 2005); *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004)). The allegations make it clear that the warden lacked specific knowledge of Plaintiff's placement in the North Cell House, let alone with a mentally ill cellmate who had a history of violence. To state a claim, the allegations must suggest that Warden Butler was aware of a "tangible threat to his safety or well-being." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008); *Billman v. Indiana Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (noting distinction between actual and feared exposure). The threat must amount to a substantial risk of future harm, one that is "so great" that it is "almost certain to materialize if nothing is done." *Brown*, 398 F.3d 911.

Plaintiff alleges no such thing in connection with Count 2 against Warden Butler. The allegations do not suggest that the warden knew of a particular threat of harm posed by his cellmate prior to the attack. (Doc. 1). Plaintiff does not allege that he made a verbal or written complaint to the warden. *Id.* He does not attach a copy of a grievance to this effect that predates the attack. *Id.* And the warden's general awareness of problems posed by the lack of catwalks, towers, and panic buttons is not enough to support an Eighth Amendment claim. Moreover, Plaintiff does not allege that Warden Butler knew of or directed decisions regarding staffing or rounds in Menard's North Cell House. *See Wilson*, 451 F. App'x at 589 (inmate failed to state a failure-to-protect claim against prison officials who lacked particular knowledge of tangible threat to inmate but knew

that he was assigned to live with inmates of other races and gang affiliations and ignored his requests for help when he used the panic button). The Complaint falls short of stating a claim against Warden Butler in Count 2, and this claim shall be dismissed without prejudice.

However, Count 3 shall receive further review against Doctor Trost, Nurse Walls, and Warden Butler. According to the Complaint, both medical providers ignored specific instructions from outside physicians to closely monitor Plaintiff after the attack. He was allegedly denied a medical examination and diagnostic testing, even after submitting an emergency grievance requesting further treatment to the warden, in the weeks following his attack. By all indications, these defendants knew that Plaintiff was in need of further medical care, but exhibited deliberate indifference toward his medical needs. Count 3 shall receive further review against Doctor Trost, Nurse Walls, and Warden Butler.

All three claims should be considered dismissed without prejudice against any defendants who are not named in connection with each claim above. The allegations of constitutional wrongdoing are not sufficiently tied to any other defendants. Although Plaintiff named other "Unknown John and Jane Does, et al." as defendants in the case caption of his Complaint, he does not mention them in his statement of claim. Merely invoking the name of a potential defendant in the case caption is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Plaintiff mentions other individuals in his statement of claim, particularly in connection with his time spent in the prison's infirmary, but does not identify them in the caption of his Complaint. The Court cannot assume even at this early stage that he intended to name every one of these individual as defendants in this action, absent Plaintiff's clear indication to this effect. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

### **Identification of Doe Defendants**

Plaintiff shall be allowed to proceed with Count 1 against C/O John Doe, Sergeant John Doe, and Lieutenant John Doe, all of whom are currently unknown and worked in Gallery 5 of the North Cell House on or around February 24, 2016. However, these defendants must be identified with particularity before service of the Complaint can be made on them. Where a prisoner's Complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In this case, Warden Butler is already named as a defendant and shall be responsible for responding to

discovery aimed at identifying these unknown defendants. Guidelines for discovery will be set by the United States Magistrate Judge. Once the names of Defendants John Doe, Sergeant John Doe, and Lieutenant John Doe are discovered, Plaintiff shall file a motion to substitute each newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

### **Prison Transfer Request**

In his request for relief, Plaintiff seeks a prison transfer. (Doc. 1, p. 9). His request must be denied at this time. "[P]risoners possess neither liberty nor property in their classifications and prison assignments. States may move their charges to any prison in the system." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) (citing *Montanye v. Haymes*, 427 U.S. 236 (1976)). *See also Meachum v. Fano*, 427 U.S. 215, 224 (1976) (the Constitution does not guarantee placement in a particular prison).

In the Complaint, Plaintiff offers no reason why he made this request. (Doc. 1, pp. 6-8). Plaintiff does not indicate that he is currently housed with the cellmate who attacked him or anyone else who poses a serious risk of harm to him. *Id.* He alleges that all lingering symptoms from his prior attack have resolved, with the exception of an occasional headache. *Id.*

Beyond this, Plaintiff has not filed a separate motion requesting a temporary restraining order or a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. He does not seek relief under Rule 65 in his

Complaint. His Complaint conveys no urgency, beyond his mere desire to transfer.

Further, Plaintiff describes no recent conduct that would support such a request. He does not complain about recent threats by fellow inmates or prison officials, recent deprivations of his constitutional rights, or problems with his current conditions of confinement. Under the circumstances, his request for a prison transfer is **DENIED** without prejudice. Plaintiff may renew his request by filing a motion pursuant to Rule 65 at any time he deems it necessary to do so during the pending action.

### Disposition

The Clerk is directed to **SUBSTITUTE** the "**UNKNOWN JOHN AND JANE DOES, ET AL.**" with "**SERGEANT JOHN DOE**" as a defendant in CM/ECF.

**IT IS HEREBY ORDERED** that **COUNT 1** is subject to further review against Defendants **C/O JOHN DOE, SERGEANT JOHN DOE,** and **LIEUTENANT JOHN DOE**, and **COUNT 3** shall receive further review against Defendants **DOCTOR TROST, GAIL WALLS,** and **KIM BUTLER.**

**IT IS ORDERED** that **COUNT 2** is **DISMISSED** without prejudice against Defendant **KIM BUTLER** for failure to state a claim upon which relief may be granted.

**IT IS ALSO ORDERED** that **COUNTS 1, 2,** and **3** are **DISMISSED** without prejudice against those defendants who are not named in connection with each claim herein, all for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that as to **COUNTS 1** and **3**, the Clerk of Court shall prepare for Defendants **C/O JOHN DOE** (once identified), **SERGEANT JOHN DOE** (once identified), **LIEUTENANT JOHN DOE** (once identified), **DOCTOR TROST, GAIL WALLS,** and **KIM BUTLER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Defendants **C/O JOHN DOE, SERGEANT JOHN DOE,** and **LIEUTENANT JOHN DOE** until such time as Plaintiff has

identified them by name in a properly filed Motion for Substitution of Parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, including a plan for discovery aimed at identifying the unknown defendants with particularity. Further, this entire matter shall be **REFERRED** to a **United States Magistrate Judge** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis*

has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**Signed this 23rd day of May, 2017.**

Digitally signed by Judge David R. Herndon
Date: 2017.05.23 14:26:26 -05'00'

**United States District Judge**