# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEREL MATTHEWS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:17-cv-366-GCS |
| KIM BUTLER, JOHN TROST, GAIL WALLS, KENT BROOKMAN, and TREY FRITSCHE | ) |
| Defendant. | ) |

## ADDENDUM TO MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

On March 6, 2020, the Court entered an order granting in part and denying in part the motion for summary judgment filed by Defendants Kim Butler, Gail Walls, Kent Brookman, and Trey Fritsche. (Doc. 111). The order inadvertently failed to address Defendants' argument that they are entitled to qualified immunity on Plaintiff's claims, and the Court does so now by way of this addendum.

Qualified immunity shields "government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The doctrine "balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Id*. It protects an official from suit "when she makes a decision that, even if

constitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004).

The qualified immunity test has two prongs: (1) whether the facts shown, taken in the light most favorable to the party asserting the injury, demonstrate that the officer's conduct violated a constitutional right, and (2) whether the right at issue was clearly established at the time of the alleged misconduct. *See Pearson*, 555 U.S. at 232. *See also Brosseau*, 543 U.S. at 197; *Wilson v. Layne*, 526 U.S. 603, 609 (1999). To be "'clearly established' a right must be defined so clearly that every reasonable official would have understood that what he was doing violated that right." *Dibble v. Quinn*, 793 F.3d 803, 808 (7th Cir. 2015)(citing *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). There need not be a case directly on point, but "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). The right must be established "not as a broad general proposition." *Reichle*, 566 U.S. at 664. Instead, it must be "particularized" such that the "contours" of it are clear to a reasonable official. *Id*. That is, "existing precedent must have placed the statutory or constitutional question beyond debate." *Carroll v. Carmen*, 135 S.Ct. 348, 350 (2014).

For the reasons stated in the March 6, 2020 Memorandum & Order, the Court finds that Defendants Fritsche, Butler, and Walls are entitled to qualified immunity because, even when the facts are taken in the light most favorable to Matthews, they engaged in no conduct that violated Matthews' constitutionally-protected rights. When all inferences are drawn in Plaintiff's favor, however, Defendant Brookman's conduct could be said to demonstrate a violation of Plaintiff's constitutional rights. As such, Defendant Brookman

is not entitled to qualified immunity.

**IT IS SO ORDERED.**

Dated: March 9, 2020.

_Digitally signed by Magistrate Judge Gilbert C. Sison
Date: 2020.03.09 16:21:56 -05'00'_

_____
GILBERT C. SISON
United States Magistrate Judge